IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN EDGAR GREINER, | * |
| Plaintiff, | * |
| v. | * |
| | Civil No. RDB-10-0207 |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.* | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Martin Edgar Greiner brings this wrongful termination action against Defendant Maryland Department of Public Safety and Correctional Services ("Department"), alleging that his termination as a correctional officer at the Eastern Correctional Institution ("ECI") violated the Equal Protection Clause of the Fourteenth Amendment. Currently pending before this Court is Defendant's Motion to Dismiss. (ECF No. 10.) This Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 10) will be GRANTED.

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Greiner began work as a correctional officer at ECI in 1997. (Compl. ¶ 10.) On January 11, 2007, a female employee of ECI complained to a supervisor that her interactions with Greiner were making her

uncomfortable. (*Id*. ¶ 12.) Greiner had flirted with the employee and, when they were alone in a hallway, asked her for a hug. (ECF No. 10, Exhibit 3, Finding of Fact No .3 of Remand Decision of Administrative Law Judge Brian Zlotnick ("Findings of Fact").) The hug "went beyond a normal cordial hug in that [the employee] believed that [Greiner] was trying to feel her body through the hug in a sexual manner." (*Id*.) Following the employee's complaint, Major Michael King of ECI conducted an investigation in which he sought written reports from female employees with whom Greiner had interacted. (Compl. ¶ 12.) Several employees complained of flirtation and vulgar banter, including off-color jokes. (Compl. ¶¶ 13-14.) Major King reported the findings and his conclusion that Greiner had committed sexual harassment to ECI Warden Kathleen Green. (*Id*. ¶ 16.)

A subsequent investigation was launched by ECI's Equal Employment Opportunity Officer, Captain Christine Taylor. Captain Taylor found that five additional female employees "reported unwanted verbal and physical conduct directed toward them respectively by Officer Greiner that created an intimidating and offensive work environment." (Compl., Exhibit 1.) One female correctional officer reported that while Greiner was training her he told her the following joke: "Do you have any Italian in you? Would you like some Italian in you?" (Findings of Fact ¶ 5.) Greiner also commented on the employee's eyes and asked for her phone number. (*Id*.) The employee resigned two months after starting her job "because she did not feel comfortable in the presence of [Greiner]." (*Id*. ¶ 6.) Another employee reported that Greiner asked about her sex life, even after she asked him to stop, and continued to give her shoulder rubs after she asked him to stop. (*Id*. ¶ 4.) Four women reported that Greiner told the above-mentioned Italian joke to them. (ECF No. 1, Exhibit 1.) Three nurses said they had to tell Greiner "no" multiple times before he stopped his offensive conduct toward them. (*Id*.) One nurse said Greiner grabbed and

squeezed her buttocks. (*Id*.) Greiner frequently made sexual innuendos regarding the body parts of female employees and commented on their sex lives. (*Id*.)

Upon reviewing the reports, Warden Green recommended that Greiner be terminated, and he was given written notice of termination on January 29, 2007. On February 5, 2007, the Secretary of the Maryland Department of Public Safety and Correctional Services approved Greiner's termination for violations of five orders and regulations: (1) Executive Order 01.01.1995.19 – Code of Fair Employment Practices; (2) the Department's Standards of Conduct § II.HH – Sexual Harassment and Discrimination in the Workplace; (3) the Department's Standards of Conduct § II.S – making a false report; (4) Secretary's Directive 06-2006 – Unfair Employment Practices, Discrimination, Harassment, and Retaliation; and (5) Md. Code Ann., State Pers. & Pensions § 2-302 (2004) – discrimination and harassment.

Greiner appealed his termination, and a hearing on the merits was held before Administrative Law Judge Brian Zlotnick on October 30 and 31, 2007. On December 28, 2007, Judge Zlotnick affirmed the termination. Because he did not make clear in his opinion what law he was relying on in affirming the termination, the case was remanded by the Circuit Court for Wicomico County. On remand, Judge Zlotnick found the termination was warranted because Greiner had violated all of the codes and regulations listed above except for the Department's Standards of Conduct § II.S – making a false report. The Circuit Court for Wicomico County affirmed. (ECF No. 10, Exhibit 4.) Greiner appealed to the Maryland Court of Special Appeals, where the case remains pending.[1]

Greiner filed a complaint in this Court on January 27, 2010, asserting a violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Defendants Maryland Department of Public Safety and Correctional Services, *et al*., filed a

---

[1] The Court of Special Appeals heard oral argument in the case on Nov. 3, 2010, and an opinion is pending.

Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) on March 22, 2010. (ECF No. 10.)

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)). Thus, even though Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Id.* at 1949. On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Id.* Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

Where a defendant seeks to dismiss a civil rights complaint, a court "must be especially solicitous of the wrongs alleged" and "must not dismiss the claim unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.*" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)) (emphasis in original); *see also Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

## ANALYSIS

Plaintiff Greiner's claim for violation of the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, is brought against the Maryland Department of Public Safety and Correctional Services; Kathleen S. Green, warden of the Eastern Correctional Institution; and Michael King, chief of security for ECI. Green and King are sued in both their official and individual capacities. Greiner seeks declaratory and injunctive relief for his claims against the Department and Green and King in their official capacities, and monetary damages

5

against Green and King in their individual capacities. This Court finds the complaint should be dismissed for failure to state a claim under the Equal Protection Clause. Further, the claim against the Department is barred under the immunity granted to the state by the Eleventh Amendment, and the claims against Green and King in their individual capacities are barred under the doctrine of qualified immunity.

**I.      Failure to State a Claim Under the Equal Protection Clause**

Greiner has failed to adequately state his claim that his termination as a correctional officer was a violation of the Equal Protection Clause of the Fourteenth Amendment. To establish a prima facie case of employment discrimination, the plaintiff must show "(1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person." *Lightner v. City of Wilmington*, 545 F.3d 260, 264-65 (4th Cir. 2008) (internal citation omitted) (applying the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in the employment discrimination context). An employer is "entitled to judgment as a matter of law if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision." *Id*. at 265 (*quoting Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133 (2000)).

Greiner asserts that female ECI employees engaged in much of the same conduct as he did – including backrubs, hugs, flirtatious banter, and the telling of off-color jokes – and that those female employees were not disciplined. In essence, Greiner asserts that he was terminated solely because of his gender, and thus that he was denied the equal protection of the laws guaranteed by the Fourteenth Amendment.

Greiner's claim fails to satisfy the first prong of the *McDonnell Douglas* test. Greiner's conduct went beyond the mere backrubs and hugs that he ascribes to female employees of ECI. As found by an administrative law judge, and affirmed by the Circuit Court of Wicomico County, Greiner hugged an employee in a sexual manner without her consent, prompting her to file an official complaint; continued to give shoulder rubs to an employee after she asked him to stop; probed an employee about her sex life after she asked him to stop, including asking her if she got "anything" over the weekend; told sexual jokes to an employee, commented on her eyes, and asked for her phone number, prompting her to resign after two months of work because she "did not feel comfortable in the presence" of Greiner. (ECF No. 10, Exhibit 3.)

Greiner's Complaint fails to assert that female employees engaged in a level of conduct similar to his. Greiner does not contend that female employees were investigated or were the subjects of complaints, as he was, for sexual banter or flirtatious behavior. Nor does he assert that female employees continued to engage in offensive behavior after they were asked to stop or that the conduct of female employees caused any other employee to resign. Greiner's conduct, as found by the administrative law judge, was of a nature and degree greater than any conduct ascribed to female employees. Greiner's claim that he was discriminated against solely because he is male, then, is not "plausible on its face." *Twombly*, 550 U.S. at 570. Rule 8 of the Federal Rules of Civil Procedure, requiring a short and plain statement of the claim showing that the pleader is entitled to relief, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S. Ct. at 1950.

Because Greiner has not adequately stated a claim under the Equal Protection Clause of the Fourteenth Amendment, his Complaint must be dismissed.

**II.     The Claim Against the Department of Public Safety and Correctional Services**

Greiner cannot bring an action against the Department under § 1983 because the Department is an arm of the state, and thus is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Further, the Eleventh Amendment provides immunity to the states unless the state has expressly waived such immunity. There is no indication the state has waived immunity in this case. Greiner asserts that because he is requesting only nonmonetary relief from the Department, the Eleventh Amendment does not apply and the state is a "person" under § 1983. The Supreme Court and the Constitution, however, make no such distinction. *See* U.S. Const. amend XI; *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979) (explaining that the Eleventh Amendment bars complaints against a state based on 42 U.S.C. § 1983, even when the claim alleges a constitutional violation). Accordingly, Greiner's complaint against the Department is dismissed.

## III. The Claims Against Green and King In Their Individual Capacity

Government officials are generally protected by qualified immunity when they perform the discretionary duties of their offices. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts have traditionally engaged in a two-step analysis when determining whether an officer is protected by qualified immunity. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). First, a court determines whether a constitutional right has been violated. Second, "assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Supreme Court has recently modified this rigid, two-tiered approach, by allowing reviewing judges to evaluate the two factors in whatever order

they wish, in view of the unique facts of a case. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) ("[t]he judges of the district courts and courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

Greiner has not overcome the presumption of qualified immunity in this case. First, it is not clear that a constitutional right has been violated. Greiner's assertion that his termination violated the Equal Protection Clause of the Fourteenth Amendment is not plausible on its face. *See* Part I, *supra*. Even so, the conduct of Warden Green and Major King in investigating the complaints against Greiner was objectively reasonable and cannot be construed to be a violation of a constitutional right. Indeed, Warden Green and Major King would have been derelict in their duty if they had *not* investigated allegations of sexual harassment against Greiner. The Department Secretary's Directive 06-2006 requires that Department officials "thoroughly investigate and promptly resolve any verbal and written complaints" of harassment and "take appropriate disciplinary action, or both, up to and including termination of employment, against an employee found to have engaged in unfair employment practices, discrimination, harassment or retaliation."

When a female ECI employee complained that Greiner hugged her in a sexual manner and made her feel uncomfortable, Major King properly followed procedure by initiating an investigation. When that investigation and a subsequent investigation by ECI's Equal Employment Opportunity Officer found that additional female employees reported that Greiner's unwanted verbal and physical conduct created an intimidating and offensive work environment, Warden Green acted within her official discretion by recommending that Greiner be terminated.

Qualified immunity, in a § 1983 claim, protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Accordingly, the claims against Warden Green and Major King in their individual capacities are dismissed.

## IV. The Claims Against Green and King In Their Official Capacity

The law is clear that individuals sued in their official capacity as state agents cannot be held liable for damages or retrospective injunctive relief. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Officials may be sued for prospective injunctive relief to end violations of federal law and remedy the situation for the future. *See Edelman v. Jordan*, 415 U.S. 651, 664-65 (1974) (articulating the distinction between retroactive and prospective injunctive relief); *Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment does not preclude suits against state officers for injunctive relief).

Insofar as Greiner seeks injunctive or declaratory relief against Warden Green and Major King, his suit is not barred by the Eleventh Amendment or 42 U.S.C. § 1983. However, the claim still must meet the *Twombly-Iqbal* plausibility standard. As found in Part I, *supra*, Greiner's claim is not plausible. Following the standard set in *Iqbal*, the Fourth Circuit has stated that "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 255 (4th Cir. 2009). Greiner's bare assertions that female employees engaged in conduct similar to his and were not disciplined is not sufficient to push his claim across the line "from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## CONCLUSION

For the reasons stated above, this Court GRANTS Defendants' Motion to Dismiss (ECF No. 10).[2]

Dated: November __, 2010            /s/_____
                                    Richard D. Bennett
                                    United States District Judge

---

[2] The Defendants also raised the defense of collateral estoppel, asserting that Greiner was barred from bringing this action in federal court because he is also contesting his termination in state court. As Greiner correctly notes, however, his state litigation concerns whether *his* conduct constituted sexual harassment. The question presented in his Complaint to this Court concerns whether *Defendants'* conduct violated Greiner's rights under the Equal Protection Clause of the Fourteenth Amendment. Thus, the cases present two distinct issues, and collateral estoppel does not apply. *See Booth v. Maryland*, 337 Fed. Appx. 301, 306-07 (4th Cir. 2009).